| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 1089 2:06M-2394-001 |
| | | DOCKET NUMBER *(Rec. Court)* |
| MAGISTRATE JUDGE MASON | | |

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
NOV 29 2007
Stephan Harris, Clerk
Cheyenne

| NAME AND ADDRESS OF PROBATION | DISTRICT | DIVISION |
|---|---|---|
| Dawn R. ROGAN | WYOMING | U.S. PROBATION OFFICE |
| | NAME OF SENTENCING JUDGE | |
| JDGE KOCORAS | STEPHEN E. COLE, U.S. MAGISTRATE JUDGE | |
| | DATES OF PRE-JUDGMENT PROBATION | FROM January 25, 2007 | TO January 24, 2008 |

OFFENSE

07CR 761

POSSESSION OF A CONTROLLED SUBSTANCE, TO WIT: MARIJUANA [21 U.S.C. § 844]

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
BY _____ DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
NOV 21 2007

### PART 1 - ORDER TRANSFERRING JURISDICTION

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the Probationer named above be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF ILLINOIS** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of Probation may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

FILED
DEC 07 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

9/12/07
/Date/                          United States Magistrate Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

IT IS HEREBY ORDERED that jurisdiction over the above-named Probationer be accepted and assumed by this Court from and after the entry of this order.

RECEIVED
NOV 15 2007

NOV 13 2007
Effective Date        MICHAEL W. DOBBINS
                      CLERK, U.S. DISTRICT COURT

James F. Holderman
United States District/Magistrate Judge

10

# U.S. District Court
## District of Wyoming (Cheyenne)
### CRIMINAL DOCKET FOR CASE #: 2:06-cr-00254-SEC All Defendants *SEALED*
### Internal Use Only

Case title: USA v. Rogan

Date Filed: 09/20/2006
Date Terminated: 01/25/2007

Assigned to: Honorable Stephen E Cole

**Defendant**

**Dawn R Rogan** (1)
*TERMINATED: 01/25/2007*

represented by **Dawn R Rogan**
PRO SE

**Pending Counts**

MARIJUANA - POSSESSION 21 USC 844 Class A Misdemeanor
(1)

**Disposition**

Supervised probation with conditions 1 year; special assessment $25; fine $1000.

**Highest Offense Level (Opening)**

Misdemeanor

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

CERTIFIED A TRUE COPY:
Stephan Harris
Clerk
By _____ Deputy Clerk

**Plaintiff**

USA

represented by **Francis Leland Pico**
US ATTORNEY'S OFFICE
P O Box 703
Yellowstone, NP 82190
307/690-7394
Fax: no fax number
Email: lee.pico@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/20/2006 | 1 | INFORMATION as to Dawn R Rogan (1) count 1. (sbv) (Entered: 01/30/2007) |
| 11/06/2006 | 2 | STATEMENT OF RIGHTS filed by defendant Dawn R Rogan. (sbv) (Entered: 01/30/2007) |
| 11/06/2006 | 3 | WAIVER of Counsel by defendant Dawn R Rogan. (sbv) (Entered: 01/30/2007) |
| 11/06/2006 | 4 | CONSENT TO TRIAL BEFORE US MAGISTRATE JUDGE by defendant Dawn R Rogan. (sbv) (Entered: 01/30/2007) |
| 11/06/2006 | 5 | NON-PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access - PLEA AGREEMENT and Guilty Plea Defendant's Waiver of Appearance and Guilty Plea as to Dawn R Rogan. (sbv) (Entered: 01/30/2007) |
| 11/06/2006 | 6 | NOTICE OF HEARING as to Dawn R Rogan, Sentencing set for 1/25/2007 at 02:30 PM in Mammoth Hot Springs before Honorable Stephen E Cole.(sbv) (Entered: 01/30/2007) |
| 12/05/2006 | 7 | NON-PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access - PROSECUTOR'S STATEMENT filed by USA as to Plaintiff USA. (sbv) (Entered: 01/30/2007) |
| 01/25/2007 | | (Court only) ***Procedural Interval start as to Dawn R Rogan. (sbv) (Entered: 01/30/2007) |
| 01/25/2007 | 8 | JUDGMENT and COMMITMENT as to Dawn R Rogan (1) Count 1: Supervised probation with conditions 1 year; special assessment $25; fine $1000. by the Honorable Stephen E Cole. (cc: all counsel 1/25/2007). (sbv) (Entered: 01/30/2007) |
| 01/25/2007 | | (Court only) ***JS-3 Closing Information. (sbv) (Entered: 01/30/2007) |
| 11/26/2007 | 9 | SATISFACTION OF JUDGMENT as to monetary imposition filed by USA as to defendant Dawn R Rogan (sdl, ) (Entered: 11/27/2007) |
| 11/29/2007 | 10 | Supervised Release Jurisdiction Transferred to Northern District of Illinois as to Dawn R Rogan. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sdl, ) (Entered: 12/03/2007) |

FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

SEP 2 0 2006

U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 06-CR-254 |
| Plaintiff, ) | |
| ) | Case No. 2:06MZ394-001 |
| v. ) | |
| ) | |
| DAWN R. ROGAN, ) | |
| ) | |
| Defendant. ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

On or about July 25, 2006, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming the Defendant, **DAWN R. ROGAN**, did knowingly and intentionally possess a controlled substance, to-wit: Marijuana.

In violation of 21 U.S.C. §844.

Dated this 20th day of September, 2006.

MATTHEW H. MEAD
United States Attorney

By: *[signature]*
FRANCIS LELAND PICO
Assistant United States Attorney

CERTIFIED A TRUE COPY:
Stephan Harris
Clerk

By *[signature]*
Deputy Clerk

```
                        FILED
                DISTRICT OF WYOMING
                 U.S. DISTRICT COURT

                   JAN 2 5 2007

                U.S. MAGISTRATE JUDGE
```

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING
## YELLOWSTONE NATIONAL PARK

UNITED STATES OF AMERICA,
           Plaintiff,

vs.

DAWN R. ROGAN,
           Defendant.

**PRE-JUDGMENT ORDER**
06-CR-254

CASE NUMBER: 2:06M2394-001

WAIVED
Defendant's Attorney

**THE DEFENDANT:** pleaded guilty to count _1_.

**ACCORDINGLY**, pursuant to the Sentencing Reform Act of 1984 and the provisions of 18 U.S.C. § 3607(a), the Court, without entering a judgment of conviction on Count 1:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §844 **CLASS A MISDEMEANOR** | Possession of a controlled substance, to wit: marijuana | 07/25/2006 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this Judgment.

Count 2 is dismissed on the motion of the United States:

| | | | |
|---|---|---|---|
| 36 C.F.R. §2.35(a)(2) | Minor in possession of alcohol | 07/25/2006 | 2 |

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 10 days of any change of residence or mailing address until all fines, donation-restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: N/A

CERTIFIED A TRUE COPY
Stephan Harris
Clerk

By [signature]
Deputy Clerk

January 25, 2007
Date of Imposition of Sentence

[signature]
Stephen E. Cole
U.S. Magistrate Judge

January 25, 2007
Date

DEFENDANT: DAWN R. ROGAN                                   Pre-Judgment Order-Page 2 of 4
CASE NUMBER: 2:06M2394-001

## SUPERVISED PROBATION

The defendant requests and consents to being sentenced under 18 U.S.C. §3607(a) to a period of supervised probation for one (1) year without the Court entering a judgment of conviction as to Count 1. The defendant understands that at the expiration of the term of probation, if the defendant has not violated any condition of probation, the Court shall, without entering a judgment of conviction, dismiss the proceedings and discharge the defendant. If the defendant violates a condition of probation, the Court may revoke the probation, enter a judgment of conviction and sentence the defendant to a term of imprisonment not greater than one year.

The defendant is hereby placed on supervised probation for a term of TWELVE (12) MONTHS as to Count 1.

While on probation, the defendant shall not commit any Federal, state, or local crime.

While on probation, the defendant shall not illegally possess a controlled substance. Revocation of probation is mandatory for possession of a controlled substance.

The defendant shall make special assessment, donation-restitution and fine payments as ordered by the Court and is required to notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). The defendant shall also comply with the following additional conditions:

The defendant shall obtain a substance abuse evaluation from a program approved by the United States Probation Officer and comply with any recommendations for further treatment, including testing to determine whether the defendant has reverted to the use of controlled substances.

The defendant shall not possess nor consume alcoholic beverages before the age of 21 or while participating in substance abuse treatment. In the event treatment is not recommended following completion of a substance abuse evaluation, and the defendant is beyond her 21st birthday, she shall not consume alcohol to the point of intoxication or otherwise to excess.

The defendant shall be banned from entering the exterior boundaries of Yellowstone National Park for a period of one (1) year.

The defendant shall submit to a search of person, residence, workplace or vehicle upon reasonable suspicion of any United States Probation Officer of contraband or evidence of a violation of a condition of probation.

DEFENDANT: DAWN R. ROGAN  
CASE NUMBER: 2:06M2394-001

Pre-Judgment Order-Page 3 of 4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAWN R. ROGAN  Pre-Judgment Order-Page 4 of 4
CASE NUMBER: 2:06M2394-001

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Processing Fee | Donation-Restitution | Fine |
|---|---|---|---|---|
| 1 | $25.00 | $0.00 | $0.00 | $1,000.00 |
| 2 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Totals:** | $25.00 | $0.00 | $0.00 | $1,000.00 |

## FINE AND/OR DONATION-RESTITUTION

The fine and/or donation-restitution includes any costs of incarceration and/or supervision. The fine is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or donation-restitution of more than $2,500, unless the fine and/or donation-restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or donation-restitution.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) processing fee; (3) donation-restitution; (4) fine principal; (5) cost of prosecution; (6) interest; (7) penalties.

The total fine and other monetary penalties shall be due as follows:

The **$25.00** special assessment and **$1,000.00** fine as to Count 1 shall be paid in full not later than **January 1, 2008** to **Clerk, U.S. District Court**, 2120 Capitol Avenue, Room 2141, Cheyenne, WY 82001.